UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FRANKIE MENDEZ                          CASE NO:

    Plaintiff,

vs.

LYNN UNIVERSITY, INC.
a Florida Corporation.

    Defendant.
_____/

## COMPLAINT

Plaintiff, FRANKIE MENDEZ ("Plaintiff", or "MENDEZ"), hereby sues Defendant, LYNN UNIVERSITY, INC. ("LYNN" or the "University") and as grounds therefore, Plaintiff alleges as follows:

1. Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et. seq.* (the "FMLA"). MENDEZ is seeking damages including back pay, an equal amount as liquidated damages, front pay, emotional distress damages, reinstatement, equitable relief, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief is granted under and pursuant to 28 U.S.C. § 2201, *et. seq.*

3. At all times material hereto, Plaintiff was an employee of the Defendant.

4.  Venue properly lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and because the unlawful employment practice was committed in this judicial district.

5.  At all times material hereto, Plaintiff worked for Defendant in Palm Beach County, Florida.

6.  Defendant is a Florida not-for-profit Corporation that is located and does business in Palm Beach County, Florida, and therefore proper venue for this case is in the Southern District of Florida.

7.  At all times material hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8.  At all times material hereto, MENDEZ was an employee entitled to leave under the FMLA, based on the fact that: (a) she suffered from serious health conditions as defined by the FMLA, necessitating that Plaintiff take FMLA leave; and (b) she was employed by LYNN for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

9.  MENDEZ worked for the University as the Television Director and Digital Technology Specialist from October 2018 until September of 2020.

10. On May 18, 2021, MENDEZ applied for and was granted FMLA leave by the University from May 18, 2021, until June 4, 2021.

11. Subsequent to receiving approval for the leave and exercising her rights under FMLA, MENDEZ' supervisors began a pattern of increased scrutiny of MENDEZ' performance.

12. This pattern of increased scrutiny included closer supervision and frequent meetings.

13. MENDEZ was fired by the Defendant on September 13, 2021.

14. At all times material hereto, Plaintiff performed her job competently and as such was qualified for her position.

15. All conditions precedent to the filing of this lawsuit have either occurred or have been waived.

16. MENDEZ has entered into an engagement agreement with the undersigned law firm and has agreed to pay the firm a reasonable fee.

## **COUNT I – FMLA INTERFERENCE**

17. Plaintiff realleges paragraphs 1 to 16 as if they were fully set forth herein.

18. As an employee of an employer within the meaning of the FMLA, Plaintiff was entitled to seek up to 12 weeks of leave for treatment of her serious health condition or that of a relative.

19. At the time Plaintiff requested her FMLA leave, she was eligible for such leave because she has worked for the defendant for more than 1,250 hours in the 12 months preceding her request.

20. The Defendant granted MENDEZ leave under the FMLA.

*Frankie Mendez v. Lynn University, Inc.*
*Complaint*
*Page 4*

21. However, in September 2021, Plaintiff was informed by her supervisor that she was being fired.

22. Defendant's action in firing the Plaintiff violated 29 U.S.C. § 2615(a)(1) by denying Plaintiff's ability to exercise her rights under the FMLA

**WHEREFORE**, Plaintiff, FRANKIE MENDEZ, prays that this Court enter judgment against the Defendant, LYNN UNIVERSITY, INC., for damages including but not limited to back pay, front pay, an equal number of liquidated damages, emotional distress damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and proper.

## COUNT II – FMLA RETALIATION

23. Plaintiff realleges paragraphs 1 to 16 as if they were fully set forth herein.

24. After Plaintiff requested FMLA leave in May 2021, the Defendant fired her.

25. At the time the Defendant fired the Plaintiff, Defendant knew that Plaintiff had taken FMLA leave for her serious medical condition.

26. Upon learning of Plaintiff's use of FMLA leave, the Defendant retaliated against Plaintiff by harassing and ultimately firing her.

27. Defendant's actions in harassing and firing Plaintiff violate 29 U.S.C. § 2615(a)(2) of the FMLA by discriminating against her by firing her for availing herself of her rights under the FMLA.

**WHEREFORE**, Plaintiff, FRANKIE MENDEZ, prays that this Court enter judgment against the Defendant, LYNN UNIVERSITY, INC., for damages including but not limited to back pay, front pay, an equal number of liquidated damages, emotional distress

damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and proper.

## JURY TRIAL DEMAND

FRANKIE MENDEZ demands trial by jury on all issues so triable.

**Dated this 23rd day of November 2021.**

        Respectfully submitted,

        QUARANTA P.A.
        1600 Ponce de Leon Blvd.
        10th Floor
        Coral Gables, FL 33134
        Telephone 305.930.6077

By: */s/ Natasha L. Biela*
    JOHN M. QUARANTA (FBN 940641)
    Email: john.quaranta@quaranta.law
    NATASHA L. BIELA (FBN 1024880)
    Email: natasha.biela@quaranta.law
    Secondary: kristine.rodriguez@quaranta.law